UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

RAMESH VEERA REDDY and
MRINALINI V. KAILA,

    Debtors,
_____/

Case No. 11-65373
Chapter 7
Hon. Walter Shapero

FLAGSTAR BANK, FSB,

    Plaintiff,

v.

RAMESH VEERA REDDY and
MRINALINI V. KAILA,

    Defendants.
_____/

Adv. Pro. No. 11-07128

## OPINION DENYING MOTION FOR SUMMARY JUDGMENT

On or about October 26, 2005, Phalgun Properties, Inc. ("Phalgun"), a commercial real estate firm, consolidated two outstanding loans it had with Flagstar Bank, FSB ("Plaintiff") in the aggregate amount of $4.1 million. Phalgun used a portion of the borrowed funds to acquire and renovate an office building located at 633 South Boulevard in Rochester Hills. The president of Phalgun, Debtor Ramesh Reddy ("Defendant Reddy"), also personally guaranteed the debt, as did Debtor Mrinalini Kaila ("Defendant Kaila") (together they are also referred to as "Defendants"). As part of the 2005 loan transaction, Phalgun gave Plaintiff an assignment of leases and rents, which included any premium payable by a lessee incident to its exercise of a cancellation privilege in the lease. Plaintiff alleges that Phalgun at some point was in default under the lease with respect both to ongoing loan payments and to Phalgun's failure to have paid over to Plaintiff some $263,900 Phalgun received in 2010 as the result of a lessee's exercise of its cancellation privilege. At the time

of its receipt of those funds, Phalgun notified Plaintiff of the fact it had received such incident to an early lease termination fact, as well as the fact that Phalgun used those funds for purposes other than paying them over to Plaintiff.  Eventually apparently the mortgage on the property was foreclosed and Phalgun lost its interest.

Based on those alleged defaults, Plaintiff sued Defendants individually in state court for (1) breach of guaranty, (2) fraudulent conveyance (MCL § 566.221), and (3) statutory conversion (MCL § 600.2919a).  After a hearing on its motion for summary judgment, the state court granted Plaintiff a $3,187,249.30 judgment against Defendants on the guaranty count, and also contemporaneously dismissed the other two counts with prejudice.  Plaintiff filed a motion for reconsideration on August 25, 2011, on the grounds that it was inappropriate and wrong for the state court to have *sua sponte* dismissed those other counts.  Plaintiff's motion was still pending when Defendants filed their joint chapter 7 petition on September 27, 2011.

Plaintiff brought this adversary proceeding under 11 U.S.C. § 523(a)(6) asserting the same MCL § 600.2919a statutory conversion count, and claim to treble damages thereunder, that the state court dismissed.  Plaintiff has now moved for summary judgment asserting, among other things, there are no material facts in dispute.  Defendants respond that (1) neither of them undertook any action whatsoever in their personal capacities as to the lease termination payment at issue; (2) "this issue has already been litigated on the merits in the State Case"; and (3) even if they may be otherwise held legally responsible as the acting agents of Phalgun, the proofs do not satisfy § 523(a)(6) requirements.

Fed.R.Civ.P. 56(c) made applicable to adversary proceedings provides the basis for summary judgment.  Summary judgment is only appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

2

requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48. A "genuine" issue is present "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

"The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." Kalamazoo River Study Group v. Rockwell Int'l Corp., 171 F.3d 1065, 1068 (6th Cir. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). "The burden then shifts to the non-moving party to come forward with specific facts, supported by evidence in the record, upon which a reasonable jury could return a verdict for the non-moving party." Kalamazoo River Study Group, 171 F.3d at 1068 (citing Anderson, 477 U.S. at 248). "The non-moving party, however, must provide more than mere allegations or denials . . . without giving any significant probative evidence to support" its position. Berryman v. Rieger, 150 F.3d 561, 566 (6th Cir. 1998) (citing Anderson, 447 U.S. at 256). The moving party here is Plaintiff, so it accordingly has the initial burden.

Initially there clearly are genuine issues of material fact as regards Defendant Kaila. Plaintiff does not essentially aver that she did anything other than serve as a guarantor of the Phalgun debt. Summary judgment against her is precluded on that ground alone.

The Court has concluded it will also deny the motion for summary judgment for the following other primary reasons: (1) While it is true that Michigan courts have held that agents and officers of a corporation may be found personally liable for a tort, such as conversion, based on the extent of their active participation, see e.g., Citizens Insurance Co. v. Delcamp Truck Center, Inc., 444 N.W.2d 210, 213 (Mich. Ct. App. 1989) (citations omitted), it is also true that not every act which might be found to be a state law conversion perforce meets the willful and malicious standard of § 523(a)(6) for nondischargeability, see e.g., Parcels v. Gurzynski (In re Gurzynski), 443 B.R. 777 (Bankr. N.D. Ohio 2010) (quoting Kawaauhau v. Geiger, 523 U.S. 57, 63-64 (1998)); McCallum v. Pixley (In re Pixley), 456 B.R. 770, 789-90 (Bankr. E.D. Mich. 2011), and that

3

meeting that standard necessarily involves an evidentiary hearing to bring out the relevant facts; (2) As the record presently stands, there is in effect (apparently subject to motions to set it aside) the state court order which dismissed with prejudice the state court conversion count on which this adversary proceeding is based, which, although not presently a matter before the Court, might amount to collateral estoppel in favor of Defendants; and (3) There appears to be a material dispute about the amount of damages that might be involved, and that determination is sufficiently intertwined with the liability question as to further militate in favor of denying summary judgment, at least at this stage of the proceedings. Given the foregoing, the other arguments raised by the parties do not need to be presently addressed. Defendants shall prepare and present an appropriate order.

**Signed on August 02, 2012**

                                                  **/s/ Walter Shapero**
                                                  **Walter Shapero**
                                                  **United States Bankruptcy Judge**